IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,**<br>　George H. Fallon Federal Building<br>　31 Hopkins Plaza, Suite 1432<br>　Baltimore, MD  21201<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>**Verizon Maryland, LLC**<br>　5 N. Frederick Ave.<br>　Gaithersburg, MD 20877<br><br><br>　　　　　　Defendant. | Civil Action No.<br><br><br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the ADA Amendments Act of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Shawn Montgomery, who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Verizon ("Defendant") unlawfully discriminated against Montgomery, a qualified individual with a disability, by denying his request for a disability-related accommodation and by constructively discharging him because of his disability.

JURISDICTION AND VENUE

1.	Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 107(a) and 503(c) of the ADA, 42 U.S.C. § 12117(a) and 12203(c), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.	The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3.	Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.	At all relevant times, Defendant has continuously been a corporation doing business and operating within Gaithersburg (Montgomery County), Maryland with at least fifteen (15) employees.

5.	At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(2), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(c) and (h) of Title VII, 42 U.S.C. § 2000e(c),(h).

6.	At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Montgomery filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On July 18, 2022, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On September 9, 2022, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

13. Montgomery is disabled as defined in 42 U.S.C. §12102.

    a. He suffers from stage 2 hypertension.

    b. His stage 2 hypertension interferes with his circulatory system, a major bodily function.

    c. His symptoms include light headedness, dizziness and a general feeling of unwellness.

    d. These symptoms persist even with the use of prescription medication.

    e. Left untreated Montgomery's stage 2 hypertension could cause organ damage, heart attack or stroke.

14. Since at least in or around November 2021 Defendant has engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(5)(A) and (B) of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A),(B).  These practices include denying Montgomery a reasonable accommodation and constructively discharging him.

    a. Montgomery began working for Defendant on or around October 3, 2016.

    b. He worked first as a fiber support analyst and later as a cable splicer.

    c. On or around October 14, 2020 he was promoted to supervisor.

    d. Working in the supervisory position that Montgomery held aggravated his hypertension. His blood pressure increased, and he began having regular chest pains.

    e. Montgomery informed his supervisor that his current position aggravated his hypertension and he requested an accommodation for his disability in or around March of 2021.

    f. In or around March of 2021 Montgomery requested to return to his position as a cable splicer.

    g. At the time Montgomery requested to return to his position as a cable splicer there were vacant cable splicer positions.

    h. In or around March 2021 Montgomery also requested to be transferred to another management position.

    i. Defendant offered to allow Montgomery to resign and apply for the cable splicer position in six months.

    j. Defendant did not offer any accommodation other than allowing Montgomery to resign and reapply for the cable splicer position.

k.  Montgomery's working conditions threatened his health and were intolerable. He therefore constructively discharged.

15. The effect of the practices complained of above in Paragraphs 14 has been to deprive Montgomery, who was at all times qualified, of equal employment opportunities and otherwise adversely affect his rights under the ADA resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Montgomery.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

B.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in reprisal or retaliation against any person who engages in protected activity under the ADA;

C.  Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, which prevent retaliation against persons who have engaged in protected activities under the ADA, and eradicate the effects of its

past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

  D. Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not discriminate against any employee because of disability, including that they will comply with all aspects of the ADA and that they will not take any action against employees because they have exercised their rights under the statute;

  E. Order Defendant to make Montgomery whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

  F. Order Defendant to make Montgomery whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 14 above;

  G. Order Defendant to make Montgomery whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

  H. Order Defendant to pay Montgomery punitive damages for its callous indifference to his federally protected right to be free from discrimination based on disability;

  I. Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it

will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

    J.    Grant such further relief as the Court deems necessary and proper in the public interest; and

    K.    Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

    Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

DEBRA M. LAWRENCE
Regional Attorney


/S
_____
ERIC S. THOMPSON
Senior Trial Attorney

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD  21201
Eric.Thompson@EEOC.GOV
Phone: 410.801.6696
Fax: 410.962.4270