# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br> v.<br><br>VERIZON MARYLAND, LLC<br><br>    Defendant. | Civil Case No. 8:23-cv-02428 |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Verizon Maryland, LLC, ("Defendant" or "Verizon"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12, hereby Answers the Complaint filed by Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") and states as follows:

Defendant generally denies liability on all claims and all counts. Each paragraph below responds to the numbered and unnumbered paragraphs in the Complaint. Any allegation not explicitly admitted below is hereby denied.

## JURISDICTION AND VENUE

1. The statements in this Paragraph present conclusions of law to which no response is required. To the extent any response is required, Defendant denies it violated any of the statutes listed in this Paragraph.

2. Defendant denies that it committed any of the alleged unlawful employment practices. Defendant admits that Mr. Montgomery was employed within the jurisdiction of the United States District Court for the District of Maryland.

## **PARTIES**

3. The statements in this Paragraph present conclusions of law to which no response is required.

4. Defendant admits the allegations set forth in this Paragraph.

5. Defendant admits the allegations set forth in this Paragraph.

6. The statements in this Paragraph present conclusions of law to which no response is required.

## **STATEMENT OF CLAIMS**

7. Defendant admits the allegations set forth in this Paragraph.

8. Defendant admits that on July 18, 2022, Plaintiff issued a Letter of Determination to Defendant which invited the Parties to participate in conciliation. Defendant denies the remaining allegations set forth in this Paragraph.

9. Defendant admits that the Parties engaged in conciliation communications. Defendant denies the remaining allegations alleged in this Paragraph.

10. Defendant admits that the Parties did not reach a conciliation agreement. Defendant lacks knowledge and, thus, denies the remaining allegations alleged in this Paragraph.

11. Defendant admits the allegations set forth in this Paragraph.

12. The statements in this Paragraph present conclusions of law to which no response is required.

13.     Whether Mr. Montgomery is disabled as defined in 42 U.S.C. § 12102 is conclusion of law to which no response is required. To the extent that a response is required, Defendant denies that Mr. Montgomery is disabled. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations set forth in subparagraphs a through e and, thus, denies the allegations contained in those subparagraphs.

14.     Defendant denies that it engaged in any unlawful employment practices, including allegedly denying Mr. Montgomery a reasonable accommodation or constructively discharged him.

   a. Defendant admits the allegations contained in subparagraph a.

   b. Defendant admits that Mr. Montgomery began his employment with Defendant as a Fiber Customer Support Analyst and was promoted to a Service Technician in May 2018, and then to a Cable Splicing Technician in June 2020.

   c. Defendant admits that in October 2020, Mr. Montgomery was promoted to Local Manager.

   d. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in subparagraph d, and, thus, denies the allegations in subparagraph d.

   e. Defendant denies the allegations contained in subparagraph e.

   f. Defendant admits the allegations contained in subparagraph f.

   g. Defendant denies the allegations contained in subparagraph g.

   h. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in subparagraph h and, thus, denies the allegations in paragraph h.

      i. Defendant denies the allegations contained in subparagraph i.

      j. Defendant denies the allegations contained in subparagraph j.

      k. Defendant denies the allegations contained in subparagraph k.

15. Defendant denies the allegations set forth in this Paragraph.

16. Defendant denies the allegations set forth in this Paragraph.

17. Defendant denies the allegations set forth in this Paragraph.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint, or to any other relief.

## RESPONSE TO REQUEST FOR JURY DEMAND

Defendant denies that Plaintiff is entitled to any relief or to a trial by jury with respect to any claim or matter for which a jury trial is not permissible.

## DEFENSES[1]

1. The Complaint fails to state a claim upon which relief can be granted.

2. At all times, Defendant had legitimate business reasons for taking all actions with respect to Mr. Montgomery's employment.

3. Plaintiff's claims are barred by Mr. Montgomery's failure to engage in the interactive process required by the ADA.

---

[1] By pleading Defenses herein, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish any alleged damages.

4. At all times pertinent herein, Mr. Montgomery did not have a disability within the meaning of 42 U.S.C. § 12102 (2), nor was Mr. Montgomery perceived by Defendant as having a disability, and therefore Plaintiff has no right to any relief under the ADA.

5. At all times pertinent herein, Mr. Montgomery was not a qualified individual with a disability within the meaning of 42 U.S.C. § 12111(8), and therefore Plaintiff has no right to any relief under the ADA.

6. At no time did Mr. Montgomery notify Defendant of his alleged disability or request a reasonable accommodation.

7. Defendant did not discriminate against Plaintiff because of his disability within the meaning of 42 U.S.C. § 12112.

8. To the extent Defendant denied Plaintiff's request for accommodation, such accommodation would have imposed an undue hardship on Defendant's operations or was otherwise prohibited by the provisions of a collective bargaining agreement.

9. All employment actions taken were based on, and because of, legitimate, non-discriminatory and non-retaliatory reasons. Mr. Montgomery was not discriminated against in any respect because of his alleged disability.

10. To the extent EEOC claims discrimination which occurred more than 300 days before Mr. Montgomery filed his charge of discrimination with the EEOC, such claims are time-barred.

11. To the extent Mr. Montgomery has suffered any damages and/or losses, which Defendant denies, such damages or losses were the result of, and caused by, Mr. Montgomery's own conduct.

12. The claims asserted in the Complaint are barred to the extent they exceed the scope of the claims asserted in any underlying administrative Charge that Mr. Montgomery filed with the Equal Employment Opportunity Commission.

13. Plaintiff's claims and the relief sought are barred, in whole or in part, because Defendant at all times acted in good faith and without malice or any intent to cause any harm to Mr. Montgomery.

14. The claims asserted in the Complaint and the requests for relief are barred, in whole or in part, by Mr. Montgomery's failure to satisfy his duty to mitigate damages.

15. In the event the Plaintiff prevails, any damages or back-pay losses should be reduced by any and all interim earnings or additional amounts that Mr. Montgomery earned or could have earned in the interim if he had satisfied his duty to mitigate damages.

16. The claims asserted in the Complaint and the requests for relief are barred, in whole or in part, because Mr. Montgomery did not suffer any damages caused by or attributable to any wrongful conduct by the Defendant.

17. Defendant is not liable for Plaintiff's claim for damages set forth in the Complaint to the extent Plaintiff seeks redress for physical or emotional injuries arising from Mr. Montgomery's preexisting physical or mental conditions.

18. Plaintiff's claims and requests for relief are barred because the conduct alleged in the Complaint is contrary to the good faith efforts of the Defendant to comply with the law, including the ADA.

19. To the extent that Plaintiff is claiming punitive damages, Plaintiff is not entitled to recover any punitive damages against Defendant because, *inter alia*, Defendant did not commit, ratify, authorize or acquiesce in any malicious, willful or reckless acts or omissions.

20. Defendant engaged in good faith efforts to comply with the ADA, and therefore cannot be held liable for punitive damages.

21. The claims in the Complaint are barred to the extent that one, some or all seek damages in excess of the caps on damages under applicable law.

22. Some or all of the relief sought by Plaintiff in the Complaint may be barred by the doctrines of unclean hands, laches, and/or estoppel.

WHEREFORE, having fully answered and responded to the allegations contained in the Complaint, Defendant hereby requests that:

1. Each of Plaintiff's claims be dismissed with prejudice in their entirety;

2. Each and every prayer for relief contained in Plaintiff's Complaint be denied;

3. Judgment be entered in favor of Defendant;

4. All costs, including attorneys' fees, be awarded to Defendant and against Plaintiff pursuant to applicable law; and

5. Defendant be granted such other and further relief as this Court may deem just and proper.

Dated: November 6, 2023                    Respectfully submitted,

                                                                /s/
                                       Donald E. English (Bar No. 27534)
                                       Jill Distler (Bar No. 26166)
                                       Tonecia R. Brothers-Sutton (Bar No. 30559)
                                       JACKSON LEWIS P.C.
                                       2800 Quarry Lake Drive, Suite 200
                                       Baltimore, Maryland 21209
                                       (410) 415-2004 – Telephone
                                       (410) 415-2001 – Facsimile
                                       Donald.English@jacksonlewis.com

                                       *Counsel for Defendant Verizon Maryland, LLC,*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2023, the attached Defendant's Answer to Plaintiff's Complaint was filed through ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/
Tonecia R. Brothers-Sutton

4873-3410-4718, v. 1