IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | * * * | |
| Plaintiff, | * * | |
| v. | * * * | Civil No.: MJM-23-2428 |
| VERIZON MARYLAND LLC, | * * | |
| Defendant. | * * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

A proposed consent decree filed jointly by the parties remains pending. ECF No. 19. Upon review of the proposed consent decree, the Court entered an Order directing the parties to file a joint memorandum addressing factors the Court must consider to determine whether the proposed consent decree is fair, adequate, and reasonable, and is not illegal or a product of collusion. ECF No. 20. The parties filed their joint memorandum on October 21, 2024. ECF No. 21.

As noted in the prior Order, the court, in deciding whether to enter a proposed consent decree, "must satisfy itself that the agreement 'is fair, adequate, and reasonable' and 'is not illegal, a product of collusion, or against the public interest.'" *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999) (quoting *United States v. Colorado,* 937 F.2d 505, 509 (10th Cir. 1991)).

> Determining the fairness and adequacy of the proposed consent decree involves an assessment of the strength of the plaintiff's case. [*North Carolina*, 180 F.3d at 581.] "[T]his assessment does not require the court to conduct 'a trial or a rehearsal of the trial,' [but] the court must take the necessary steps to ensure that it is able to reach 'an informed, just and reasoned decision.'" *Id.* (citation omitted). The court should also "consider the extent of discovery that has taken place, the stage of the proceedings, the want of collusion in the settlement and the experience of plaintiffs' counsel who negotiated the settlement." *Id.* (citation omitted). Although consideration of a proposed consent decree calls for some level of

        judicial scrutiny, the court "should be guided by the general principle that settlements are encouraged." *Id.*

ECF No. 20 at 1–2.

    Having reviewed the pleadings and the proposed consent decree, Court finds that the terms of the proposed consent decree are not against the public interest. Upon consideration of the information proffered in the parties' joint memorandum, the Court further finds the terms of the proposed consent decree to be fair, adequate, and reasonable. In so finding, the Court notes that the parties reached the terms of their agreement at an early stage of the litigation. They conducted limited informal discovery for purposes of settlement discussions, but no formal discovery was conducted. The plaintiff agency is represented by experienced counsel. The Court further finds that the terms of the proposed consent decree are not illegal or a product of collusion. Accordingly, the consent decree shall be approved by separate signing.

<u>November 7, 2024</u>                                              <u>             /S/               </u>
Date                                                                           Matthew J. Maddox
                                                                            United States District Judge